# Holland+Knight

Tel 212 513 3200
Fax 212 385 9010

Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
www.hklaw.com

Lissa D. Schaupp
212 513 3588
lissa.schaupp@hklaw.com

**BY HAND**



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/07



MEMO ENDORSED

December 12, 2007

Hon. Richard J. Sullivan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street Room 615
New York, New York 10007-1312

  Re: *Jo Tankers BV v. Tianjin Longwit Oils and Grains Industrial Co., Ltd.*
    U.S.D.C., S.D.N.Y., 07 Civ. 6569 (RJS)
    Our File: 500166-03215

Dear Judge Sullivan:

  We are attorneys for Plaintiff *Jo Tankers BV* in the referenced action. We are in receipt of the Court's December 4, 2007 Order ordering a joint status letter from the parties to this action, as well as the email reminder received this afternoon from the Court. As the partner on this matter, Michael J. Frevola, was absent from the office yesterday and today, the undersigned is responding in his absence.

  On July 20, 2007, Plaintiff filed its action pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff also sought an *ex-parte* Order for Issuance of a Writ of Attachment and Garnishment, granted by the Court on July 20, 2007 and modified August 28, 2007. Though Plaintiff has subsequently served the Order and Writ of attachment, it has yet to attach any of Defendant's assets.

  In an effort to maintain the *ex-parte* nature of the Rule B attachment,[1] Plaintiff respectfully requests it be permitted to delay contacting the Defendant (as there is no counsel of record to date), as required in the Court's first Order, until monies are attached. If/when monies are attached, with the Court's permission, Plaintiff would provide Defendant a copy of the Court's December 4, 2007 Order at the same time it is providing notice of the attachment, as

---

[1] Providing notice of the Court's order to Defendant at this time could defeat the twin purposes of attaining a maritime attachment -- to obtain jurisdiction and obtain security. *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 637-638 (9th Cir. 1982).

Atlanta • Bethesda • Boston • Chicago • Fort Lauderdale • Jacksonville • Los Angeles
Miami • New York • Northern Virginia • Orlando • Portland • San Francisco
Tallahassee • Tampa • Washington, D.C. • West Palm Beach
Beijing • Caracas* • Helsinki* • Mexico City • Tel Aviv* • Tokyo • *Representative Office

October 12, 2007
Page 2 of 2

required under Local Admiralty Rule B.2. For these reasons this status report is being submitted unilaterally rather than on behalf of both parties.

To follow is the information Your Honor requested in numbered paragraphs.

1. The nature of this action is a breach of charter party dispute. There are no defenses at present as none of the defendants' assets have been attached and therefore defendant has not been served nor appeared;

2. There are no outstanding motions and/or outstanding requests to file motions;

3. There are no deadlines or upcoming conferences that were previously scheduled;

4. There is no discovery contemplated at this time;

5. There were no prior settlement discussions in this matter;

6. The governing charter party calls for arbitration of all disputes arising under the charter party so there will be no trial in the matter; and

7. We are not aware of any additional information available at this time to assist Your Honor in resolving this matter.

As discussed above, because no assets of the defendant have been attached, the defendant has not been served nor appeared in this action to date. For these reasons, we ask that the Court adjourn the status conference scheduled on December 18, 2007 until such time defendant appear in this action.

Respectfully Submitted,

Lissa D. Schaupp

Cc: Michael J. Frevola, Esq.

*[Handwritten order:]* The Dec. 18, 2007 status conference is adjourned without date. Plaintiff's shall submit a status letter to the Court by MARCH 7, 2008 or upon attachment of Defendant's assets, whichever occurs first.

SO ORDERED
Dated: 12/14/07
RICHARD J. SULLIVAN
U.S.D.J.